UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JAMES DONOVAN**,

        Plaintiff,

Case No:

v

Hon.

SILVER SHIPS, INC.,

        Defendant.

_____/

D. BRUCE BEATON  (P32704)
Attorney for Plaintiff
137 S. Water Street
Marine City, MI  48039
 (810) 765-3333
_____

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, JAMES DONOVAN, by and through his attorney, **D. BRUCE BEATON, PLC**, by D. Bruce Beaton, and respectfully represents unto this Honorable Court as follows:

### COUNT I

1. Plaintiff, JAMES DONOVAN, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. That at all times relevant hereto Plaintiff, JAMES DONOVAN, was the Supervisor of Maintenance for the City of Detroit Fire Department in the County of Wayne, State of Michigan.

3. Defendant, SILVER SHIPS, INC., is a foreign corporation duly organized and existing under and by virtue of the laws of the State of Alabama with its principal place of business located in Theodore, Alabama.

4. The amount in controversy in this case exceed(s) Seventy-Five Thousand ($75,000.00) Dollars.

5. That this case and its jurisdiction is based upon diversity of citizenship under 28 USC §1332.

6. Venue is appropriate in the United States District Court for the Eastern District of Michigan because the accident and tortious conduct occurred on the Detroit River in Wayne County, Michigan.  28 USC 1391.

7. That at all times relevant hereto, Defendant, SILVER SHIPS, INC. , manufactured fireboats.

8. That at all times relevant hereto the City of Detroit contracted with Defendant, SILVER SHIPS, INC., to build and deliver a fireboat (a/k/a Fireboat 2).

9. That at all times relevant hereto, Defendant, SILVER SHIPS, INC., per its contract delivered the vessel known as the Fireboat 2 to the City of Detroit Fire Department.

10. That at all times relevant hereto, Defendant, SILVER SHIPS, INC., sent an employee, David Hunt, to test run the vessel and demonstrate its operation to the City of Detroit, Fire Department Captains.

11. That at all times material hereto, Defendant, SILVER SHIP, INC.'s, employee, David Hunt, was captaining the Silver Ship's vessel a/k/a Fireboat 2 while testing the boat and demonstrating how to operate same.

12. That Plaintiff, JAMES DONOVAN, was invited to ride along on the demonstration ride.

13. That Plaintiff was on the bow of the vessel because the cabin and the seats within the cabin were occupied by three City of Detroit Fireboat Captains, a City of Detroit Commissioner, an AB, and Defendant's employee David Hunt.

14. Defendant's employee, David Hunt, was operating Fireboat 2 at a high rate of speed in a no wake zone in excess of the maximum speed/no wake limit when he crossed another vessel's wake causing Plaintiff to lose his balance and strike his body violently against the vessel.

15. It became and was the duty of Defendant to provide a seaworthy vessel, and furthermore, it was the duty of Defendant to exercise reasonable care for the safety of those in and on said vessel, and Plaintiff, JAMES DONOVAN, in particular, while Defendant employee David Hunt was testing and demonstrating the operation of Fireboat 2.

16. Defendant, by its agents, servants, and employees, caused Plaintiff to be permanently, painfully, and seriously injured as a result of one or more of the following negligent acts/breaches of duty and/or omissions including, but not limited to:

    a) Defendant employee David Hunt failed to exercise reasonable care under the circumstances to avoid personal injury to Plaintiff who was a passenger on the vessel;

3

b) Defendant's employee David Hunt foresaw or should have forseen the waves from an oncoming vessel as a potential danger and should have warned Plaintiff of said danger;

c) failing to establish, enforce, and ensure compliance with Defendant's safety policies and procedures;

d) failing to hire a careful, competent, and knowledgeable employee to test run and demonstrate the operation of Fireboat 2;

e) violating the no wake law on the Detroit River which was intended for the safety of Plaintiff as a passenger in Fireboat 2;

f) failing to properly instruct and supervise the employee it did hire so that Plaintiff was not placed in danger of injury;

g) failed to provide a competent employee to test run and demonstrate the operation of the Fireboat 2;

h) failing to provide a vessel and crew which was reasonably fit for its intended purpose;

i) Defendant employee David Hunt violated statutes, regulations, and/or ordinances which were intended to protect Plaintiff;

j) Defendant employee David Hunt violated statutes, regulations, and/or ordinances which were not intended to protect Plaintiff;

k) Defendant employee David Hunt allowed Fireboat 2 to be loaded with passengers in excess of its capacity;

l) negligently and carelessly caused, allowed, and permitted the vessel, its appurtenances and work method to be operated, supervised, equipped, controlled, designed, manufactured, maintained, and inspected in such a manner as to cause Plaintiff to suffer injury;

m) Defendant employee David Hunt violated basic speed laws upon the Detroit River in a no wake zone;

n) Defendant failed to provide adequately safe seating;

o) Defendant employee David Hunt was not qualified to operate the Fireboat 2;

p) Defendant employee David Hunt failed to warn Plaintiff of the impending danger of the wake of an oncoming vessel;

4

q) Defendant employee David Hunt operated Fireboat 2 at an excessive speed when he knew or should have known Plaintiff was on the bow of the boat without the ability to protect himself from injury when Defendant employee drove over an oncoming wake at an excessive speed causing Plaintiff to be thrown into the air;

r) Defendant employee David Hunt failed to provide a proper lookout;

s) other acts of negligence to be proved at the Trial of this cause.

17. As a direct result of said negligence/breaches of duty and/or omissions, Plaintiff, JAMES DONOVAN, has become liable for and required to expend large sums of money for the receipt of hospital, medical, and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will continue to do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will remain so in the future; has suffered a loss of earnings and earning capacity and ability to work and will remain so in the future including injuries to his head, spine, shoulder, left knee, and both feet.

WHEREFORE, Plaintiff, JAMES DONOVAN, demands judgment in whatever amount to which he is found to be entitled, together with costs, interest, and attorney fees.

### DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, JAMES DONOVAN, by and through his attorney, **D. BRUCE BEATON, PLC**, by D. Bruce Beaton, and hereby demands a Trial by Jury as to all matters herein.

D. BRUCE BEATON, PLC

Dated: June 20, 2023

*/s/ D. Bruce Beaton*
D. Bruce Beaton
Attorney for Plaintiff
137 S. Water Street

5

Marine City, MI  48039  
Phone: (810) 765-3333  
Fax: (810) 765-4026  
dbb@dbbeatonlaw.com  
P32704

## CERTIFICATE OF SERVICE

      I hereby certify that on June 20, 2023, I electronically filed PLAINTIFF'S COMPLAINT AND JURY DEMAND with the Clerk of the Court using the ECF system which will send notification of such filing to the following:


and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants_____(none)_____.

Dated:  June 20, 2023                              **D. BRUCE BEATON, PLC**

                                                                         */s/ D. Bruce Beaton*  
                                                                         D. Bruce Beaton  P32704  
                                                                         Attorney for Plaintiff  
                                                                         137 S. Water Street  
                                                                         Marine City, MI  48039  
                                                                         Phone: (810) 765-3333  
                                                                         Fax: (810) 765-4026  
                                                                         dbb@dbbeatonlaw.com